IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00173-ZLW

WARREN DANIEL CLINTON,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, (Corporation), and
E. ALEXANDER, Regional Administrator,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 10 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Warren Daniel Clinton, a federal prisoner who is in custody at the Administrative Maximum facility ("ADX") of the federal Bureau of Prisons in Florence, Colorado, filed a *pro se* letter on April 8, 2010 requesting reconsideration of the Judgment and Order of Dismissal entered in this action on March 4, 2010. On April 21, 2010, the Court entered an order construing the letter as a motion to reconsider pursuant to Fed. R. Civ. P. 60(b) and directing Defendants to file a response to the letter. Defendants submitted a response on May 11, 2010. Mr. Clinton filed a reply on June 1, 2010. The Court must construe the motion liberally because Mr. Clinton is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Motion for Reconsideration will be denied for the reasons set forth below.

Mr. Clinton initiated this action by filing an Order to Show Cause with the Court on January 21, 2010. In an order filed on January 26, 2010, Magistrate Judge Boyd N.

Boland directed the Clerk of the Court to commence a civil action and directed Mr. Clinton to cure certain deficiencies if he wished to pursue his claims. Specifically, Magistrate Judge Boland ordered Mr. Clinton to file a complaint on the court-approved form, and either pay the filing fee or file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On March 4, 2010, after finding that Mr. Clinton had not communicated with the Court since January 21, 2010 and therefore that he had failed to cure the deficiencies, the Court dismissed Mr. Clinton's action without prejudice.

Mr. Clinton then filed the Motion for Reconsideration on April 8, 2010. A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. Mr. Clinton's Motion to Reconsider, which was filed more than twenty-eight days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

In the Motion to Reconsider, Mr. Clinton alleges that officials at ADX have placed him on special mail restrictions in retaliation for filing lawsuits. He further alleges that,

due to the mail restrictions, he is prevented from sending any legal mail to the Court and that any legal mail he attempts to send out is censored and confiscated by prison officials. Accordingly, Mr. Clinton asserts that he was unable to cure the deficiencies in this action due to the special mail restrictions and the retaliation by prison officials.

In the response, Defendants assert that Mr. Clinton was not under any mail restrictions from January 2010 to May 2010, the time period in which Mr. Clinton was ordered to cure deficiencies in this action by the Court. Defendants have provided affidavits and documents that support their claim that the BOP did not prevent Mr. Clinton from sending mail to the Court during the relevant time period. Defendants further allege that Mr. Clinton's correctional counselor in charge of collecting mail from him "did not reject any incoming or outgoing special mail to or from Plaintiff and did not censor, confiscate, or destroy any special mail to or from Plaintiff" during the applicable time period. Response at 8. Accordingly, Respondents assert that the BOP has not restricted Mr. Clinton's communication with the Court and, therefore, that Mr. Clinton cannot demonstrate any reason why he failed to cure the deficiencies in this action. *Id.* at 14-15. Having reviewed the exhibits attached to the response, the Court finds that Defendants have established that Mr. Clinton was not under any special restrictions and was able to send and receive mail during the time frame in which he was ordered to cure the deficiencies in the action.

In his reply, Mr. Clinton discusses, in great detail, the current delays and difficulties that he is experiencing with the mail system at his facility. However, Mr. Clinton makes no showing that he was under any restrictions, or even actually attempted to cure the deficiencies in this action, during the relevant time frame.

3

Accordingly, Mr. Clinton has not asserted any extraordinary circumstances that would justify reconsideration in his case, and the Motion for Reconsideration will be denied. *See Massengale*, 30 F.3d at 1330.

Mr. Clinton is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the letter filed by Plaintiff, Warren Daniel Clinton, on April 8, 2010 is construed as a Motion to Reconsider pursuant to Fed. R. Civ. Civ. P. 60(b) and is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.


DATED at Denver, Colorado, this  10th   day of  June , 2010.

BY THE COURT:


       s/Philip A. Brimmer
       PHILIP A. BRIMMER
       United States District Judge, for
       ZITA LEESON WEINSHIENK, Senior Judge
       United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00173-ZLW

Warren Daniel Clinton
Reg No. 88766-020
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/10/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk